WARD *a.* BEEBE.

*Supreme Court, First District ; At Chambers, Sept.,* 1862.

SUPPLEMENTARY PROCEEDINGS.—PROPERTY IN HANDS OF THIRD PERSON.—NOTICE TO JUDGMENT-DEBTOR.

It is entirely discretionary with the justice entertaining proceedings, under sections 294, 297, of the Code, against a person having property of a judgment-debtor,

whether notice of any step in the proceedings shall be given to the judgment-debtor.*

A final order, made in such proceedings, without notice to the debtor, although it might be vacated by the judge who made it, if injustice has been done, is not void or irregular, and cannot be disregarded in the proceedings against the debtor.

## Supplementary proceedings.

Judgment was recovered in this action in favor of Henry W. Ward, plaintiff, against the defendants, Welcome R. Beebe and

---

\* To the same effect is Seely *a.* Garrison (10 *Ante,* 460). The contrary was held in Gibson *a.* Haggarty (*Post*).

In BAILEY *a.* LANE (*Supreme Court, First District; General Term, September,* 1862), it was *Held,* that it was no objection to the appointment of a receiver in supplementary proceedings, that the debtor has no other property than an equity of redemption in real property which he has always been willing to have sold on execution.

Appeal from an order denying the appointment of receiver.

The plaintiffs, Floyd Bailey and Charles H. Southard, recovered judgment in the Supreme Court against the defendants, Peter V. Z. Lane, William B. Guild, and Robert Lane, for $2,669.93.

The plaintiffs, after the return of an execution against the defendants unsatisfied, obtained an order to examine the defendant, Robert Lane, in proceedings supplementary to execution. The defendant appeared on the return-day of the order, and without objection submitted to be examined, and was examined fully in reference to his property.

Upon that examination it appeared that the defendant owned considerable real estate, which had been rented, and that the income of the same amounted to about $2,000 per year.

The defendant claimed that he had assigned this income, in December, 1861, to secure one Huddleston, for becoming surety for him upon appeals in suits between the parties to this action. The evidence showed, however, that the defendant had been allowed to collect the rent for more than six months, and had never paid or applied any part of it to the purposes for which it was alleged it had been pledged.

It further appeared that certain parts of the defendant's real estate was incumbered—had no real estate that was not incumbered. It did not appear, from the examination, that the defendant's real estate was sufficient to pay the incumbrances upon it.

Upon the conclusion of the examination, the plaintiffs applied for a receiver of the defendant's property. The motion was denied, and from the order denying the motion the plaintiffs appealed to the general term.

*Charles Crary,* for the plaintiffs.—I. It is no objection to an application for a receiver, that the plaintiffs might have issued an execution and levied upon the

Elisha Ruckman, April 29, 1862, for $610.40. After the return of the execution unsatisfied, an order was issued for the defendant Beebe to appear and submit to an examination. He failed to comply with the order. The plaintiff moved for an attachment, which was denied. The remaining facts are sufficiently stated in the opinion.

*Isaiah T. Williams,* for the plaintiff.

*Welcome R. Beebe,* defendant, in person.

defendant's real estate. The sheriff having returned the execution unsatisfied, that return is conclusive in this proceeding ; and until the return is vacated, or corrected, it is sufficient to justify proceedings, under the Code, for the appointment of a receiver. The proceeding, provided by the Code, supplementary to execution, is a substitute for the former creditor's bill, and the rules settled under those bills may with propriety be regarded as controlling these proceedings. (2 *Abbotts' Pr.,* 458 ; 9 *Ib.,* 184.) Under the former practice, in proceedings under the creditor's bill, the validity of a judgment, or execution, or sheriff's return, was never allowed to be inquired into. (Stoors *a.* Kelsey, 2 *Paige,* 418 ; 9 *Ib.,* 386 ; 15 *How. Pr.,* 313.) Again, it has been held that proof of the offer of the defendant to turn out to the sheriff sufficient property to satisfy the execution, is no defence to the appointment of a receiver, as the defendant has his remedy against the sheriff, if he makes a false return. (Balde *a.* Smith, 5 *Ch. Sent., No.* 2, 11, cited in 2 *Abbotts' Dig.,* 288.) But so far as appears in this case, the sheriff's return was strictly true. All the defendant's real estate was heavily incumbered, and there is no evidence that it was worth sufficient even to pay those incumbrances. Surely, before it is said that we must resort again to our execution, it should appear that there was property from which the sheriff could realize something.

II. But, it is said, to have granted the plaintiffs' motion would have deprived the defendant of his real estate—taking away from him, at the same time, all right of redemption. This, however, shows an entire misapprehension of our motion. The motion was for a receiver of the debtor's property. As such receiver, he would have been entitled to collect the rents and profits of the real estate, and to have required the tenants to attorn to him and pay the rent to him. (See *Sup. Ct. Rules,* No. 92.) He would also have been entitled to the moneys already collected and in the possession of the defendant. But he would not have been allowed to sell the real estate without the express order of the court. (*Ib.*)

III. The plaintiffs are entitled to a receiver for the purpose of reaching the rents and profits of the debtor's real estate. (*Sup. Ct. Rules,* No. 92 ; 10 *Paige,* 598.)

*Samuel T. Freeman,* for the respondent.—I. It appears from the defendant's examination that he has no personal property, but has, and for a long time past has had, a large amount of real estate in the city of New York, the title to which is recorded in his own name. He has never refused to disclose this property— never attempted to secrete or withhold it. He is willing to have it sold, but he desires to have protected this right, which the statute gives him. He wants the

LEONARD, J.—The plaintiff moves for an attachment against Beebe, for non-attendance at the return of an order for his examination, &c., in proceedings supplementary to execution.

The defendant excuses his absence, at the hour appointed, on account of his illness. His excuse was considered sufficient for that occasion, upon his submitting to an examination and proceeding at once.

The defendant, in answer to this requirement, produced two orders, and the proceedings whereon they were founded, requiring him to pay to the sheriff—to apply on executions in his hands, in favor of Ruckman against Ward, out of the moneys owing from him to Henry W. Ward—such sum as will be sufficient to satisfy them ; and the defendant offers to pay the residue of the amount due to the plaintiff on the judgment herein, with costs.

The plaintiff insists that these orders, so obtained by Ruckman, in aid of his executions against Ward, now in the sheriff's hands, ought not to be deducted from the amount due to him from Beebe, under the judgment and proceedings herein, on the ground that they were obtained by Ruckman, or his attorney, *ex parte*, without any notice to him, and are therefore irregular.

---

twelve months in which to redeem it. This right a sale on execution would preserve to him ; a sale by receiver would not. These proceedings are analogous to the former "creditor's bill." (Scouton *a.* Bender, 3 *How. Pr.*, 185.) "It is not within the scope of a creditor's bill, properly so called, to direct a sale of the real estate of a judgment-debtor. (See Le Roy *a.* Rogers, 3 *Paige*, 234.) "If the real estate is within this State, and of a legal nature, so that judgment at law binds it, and an execution can be issued, this court will reach it by authorizing an execution to be issued from the court of law." (2 *Hoffm. Ch. Pr.*, 115. See, also, Hendrickson *a.* Winne, 3 *How. Pr.*, 127.)

II. The judge's authority to appoint a receiver is given by section 298 of the Code ; but this section refers back to section 244, and there it is expressly provided (*Code,* § 244, part 3) that a receiver may be appointed, "after judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied, and the judgment-debtor refused to apply his property in satisfaction of the judgment."

III. This is not an appealable order. It was within the judge's discretion to appoint a receiver or not. I question if any negative order or refusal to grant a relief, by a judge at chambers, is appealable.

THE COURT (INGRAHAM, P. J., BARNARD and CLERKE, JJ.) reversed the order, and directed a reference to the clerk, to nominate a fit person for receiver, and to take proper security.

The orders that were issued for the examination of Beebe, upon the judgments and executions of Ruckman against Ward, appear to be fully authorized by section 294 of the Code, without any notice to Ward, the judgment-debtor therein, unless the judge in his discretion should think proper to require it. There is no irregularity, therefore, in the preliminary order.

The object of a notice to the judgment-debtor is, of course, to afford him an opportunity to show that the judgment has been paid, or to establish any other satisfaction or defence arising since the judgment was perfected.

The section just referred to gives no authority to the judge, except for the examination of third persons.

By section 297, the power is conferred to direct the party who owes the judgment-debtor to apply the amount in satisfaction of the judgment.

It has been held in this district that the proceeding under section 292 should be instituted against the judgment-debtor, or that he should be notified of the proceedings under section 294, before any order is made to apply money or property in the hands of a third party to the satisfaction of the judgment or execution against the debtor.

This rule must, however, be subject to some exceptions: as in the case of a judgment-debtor not within the jurisdiction of the court, or where no notice could be given him.

As a discretion is given to the judge, under section 294, in directing notice to be given, that discretion must follow, I think, to the final consummation of the proceedings by the order to be made under section 297. The order directing the application by Beebe of so much of the sum due from him to Ward as should be sufficient to satisfy the executions against him in the sheriff's hands, cannot be held void or irregular; but the order might very properly be vacated by the judge who granted it, if any injustice had been done.

In the present case, it is not disputed that the judgments of Ruckman against Ward were valid and wholly unpaid.

It is said that an appeal from the judgments is pending, but no security has been given to stay proceedings.

I think the orders objected to must be upheld, and that upon the payment of the executions in the sheriff's hands, that sum must be deducted from the amount to be collected in this pro-

ceeding. Unless Beebe pays the balance to Ward, or his attorney, with $25 costs of the supplementary proceedings herein, he must submit to an examination on twenty-four hours' notice of this order.